UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 05-31464
                                                                     Chapter 7
RICKY LEE HENDLEY and
DONNA MARIE HENDLEY,

    Debtors.

CITIBANK, SOUTH DAKOTA, NA,                                          Adv. Pro. No. 05-3065

    Plaintiff,

  v.

RICKY LEE HENDLEY,

    Defendant.

# MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the motion for Writ of Garnishment filed by Plaintiff Citibank, South Dakota, N.A. (Doc. 12). This Adversary Proceeding was initiated on August 16, 2005, when Citibank filed a complaint seeking a determination that the indebtedness owed it by the Debtor was excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2) (excepting debts arising out of fraud from discharge). On October 27, 2005, the Court entered judgment in favor of the Plaintiff pursuant to a stipulation filed by the parties. (Doc. 11). The stipulation compromised the amount due Citibank and provided for a repayment schedule for the compromised amount. (Doc. 10). Citibank alleges that the Debtor has not made the promised payments and seeks to garnish his wages. (Doc. 12).

The Court declines to issue a Writ of Garnishment. In general terms, it is the business of a Bankruptcy Court to hear and determine bankruptcy cases. See 28 U.S.C. § 1334. It is within

the Bankruptcy Court's exclusive jurisdiction to hear proceedings under § 523(a)(2). St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 676 (11th Cir. 1993). The function of the Bankruptcy Court is to grant declaratory relief and determine whether a given debt was discharged. Having determined that the debt in question was excepted from the Debtor's discharge, the Court elects not to permit Citibank to its process to collect its debt for two reasons. First, the Court does not have the resources to provide a forum for collection of debts which are not discharged in a bankruptcy proceeding. Second, the collection of debts, as opposed to their discharge in bankruptcy, is within the purview of the State Courts and in the interest of comity, the Federal Courts should not intrude more than is necessary to vindicate Federal rights. See PII, Inc., v. Diversified Techs., Inc., (In re PII, Inc.), 314 B.R. 904 (affirming judgment of bankruptcy court abstaining from hearing garnishment actions)(unpublished decision). For these reasons, this Court will abstain from further proceedings here. 28 U.S.C. § 1334(c)(1) (permitting bankruptcy courts to abstain from hearing certain proceedings). The Court will, by way of a separate order, deny Citibank's motion without prejudice.

    Done this the 4th day of October, 2006.

                                             /s/ William R. Sawyer
                                             U.S. Bankruptcy Judge

c: William McCollum Halcomb, Attorney for Plaintiff
   Diana D. Mock, Attorney for Plaintiff